Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:      (703) 280-9081
E-Mail:      benglander@whitefordlaw.com
             adesimone@whitefordlaw.com

*Counsel to Plaintiffs SaveSolar Corporation, Inc. and 3233 Fifteenth DC, LLC*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Chapter 11 |
| SAVESOLAR CORPORATION, INC., *et al.*,[1] | Case No. 23-00045-ELG |
| Debtors. | (Jointly Administered) |
| SAVESOLAR CORPORATION, INC. and SSC 3233 FIFTEENTH DC, LLC, | |
| Plaintiffs, | |
| v. | Adv. Pro. No. _____ |
| ELESAVETGRAD CEMETERY; ELESAVETGRAD CEMETERY ASSOCIATION, and CHARLES G. MEYERS, | |
| Defendants. | |

---

[1] The Debtors in these jointly administered Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, and its chapter 11 case number, are: SaveSolar Corporation, Inc. (1304), Case No. 23-00045-ELG; SaveSolar Alpha HoldCo, LC (7389), Case No. 23-00046-ELG (the "**Initial Debtors**"); and SSC 1110 Kennebec MD, LLC, (9270), Case No. 23-00140-ELG; SSC 3233 Fifteenth DC, LLC (9145), Case No. 23-00141-ELG; SSC 1901 Brooks MD, LLC (0798), Case No. 23-00142; SSC 1323 I DC, LLC (5574), Case No. 23-00143-ELG; SSC 1321 Fifth DC, LLC (4090), Case No. 23-00144-ELG; SSC 1321 Fifth Canopy DC, LLC (3796), Case No. 23-00145-ELG; SSC 116 Irvington DC, LLC (3472), Case No. 23-00146-ELG; SSC 116 Irvington DC Canopy, LLC (6191), Case No. 23-00147-ELG; SSC 2501 N DC, LLC (6769), Case No. 23-00148-ELG; and SSC 3320 Wheeler DC, LLC (9082), Case No. 23-00149-ELG (the "**Affiliate Debtors**"). The Initial Debtors and the Affiliate Debtors are referred to collectively herein as the "**Debtors**").

**COMPLAINT FOR VIOLATION OF THE**
**AUTOMATIC STAY, PRELIMINARY AND PERMANENT INJUNCTIVE**
**RELIEF, DAMAGES, PUNITIVE DAMAGES, AND DECLARATORY RELIEF**

Plaintiffs, SaveSolar Corporation, Inc. ("**SaveSolar**") and SSC 3233 Fifteenth DC, LLC (the "**Project Subsidiary**" and, together with SaveSolar, the "**Plaintiffs**" or the "**Debtors**"), respectfully submit this *Complaint for Violation of the Automatic Stay, Preliminary and Permanent Injunctive Relief, Damages, Punitive Damages, and Declaratory Relief* (the "**Complaint**") against Defendants, Elesavetgrad Cemetery, Elesavetgrad Cemetery Association, and Charles G. Meyers (collectively, the "**Defendants**").  The Complaint is supported by the Declaration of Bradford F. Englander (the "**Englander Declaration**"), attached hereto as **Exhibit A**.  In further support of the Complaint, the Plaintiffs state as follows:

**PARTIES**

1. SaveSolar is a Delaware corporation engaged in the business of developing commercial rooftop solar projects.

2. The Project Subsidiary is a Delaware limited liability company and an affiliate of SaveSolar that owns and operates a solar system at the location of 3233 15th Place SE, Washington, D.C. 20020 (the "**Project Site**").  SaveSolar is the sole member and manager of the Project Subsidiary.

3. Upon information and belief, Defendant, Elesavetgrad Cemetery ("**EC**" or the "**Cemetery**"), is a cemetery located at the Project Site.

4. Upon information and belief, Defendant, Elesavetgrad Cemetery Association ("**ECA**"), is an unincorporated association with a principal place of business in Maryland.  Upon information and belief, ECA manages and operates the Cemetery.

5.      Upon information and belief, Defendant Charles G. "Charlie" Meyers ("**Meyers**") is a resident of Maryland who serves as the president of EC and/or ECA.

## JURISDICTION

6.      This United States Bankruptcy Court for the District of Columbia (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

7.      EC, as landlord, and the Project Subsidiary, as tenant, are parties to that certain Solar Lease Agreement dated May 26, 2022 (the "**Lease**"), whereby EC leased a portion of the Cemetery to the Project Subsidiary for the purpose of constructing, installing, and operating a solar photovoltaic electric generating system (the "**Solar Facility**"). A genuine copy of the Lease is attached hereto as **Exhibit B**.

8.      Pursuant to paragraph 5 of the Lease, the Lease commenced on May 26, 2022, continues for a term of twenty-five (25) years (as renewed or extended, the "**Lease Term**"), and is subject to automatic renewal periods of five (5) years.

9.      Under the terms of the Lease, the Project Subsidiary agreed to pay monthly rent to EC in exchange for, among other consideration, the right to construct, install, and operate the Solar Facility on the leased portion of the Cemetery.

10.     At the end of the Lease Term, EC would have the option to purchase the Solar Facility from the Project Subsidiary for a purchase price equal to the fair market value of the Solar Facility.

3

11. On February 2, 2023 (the "**Initial Petition Date**"), SaveSolar and its affiliate, SaveSolar Alpha HoldCo LLC each filed a voluntary petition (the "**Initial Petitions**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Court. EC was included on the creditors matrix filed as part of the Initial Petitions. *See* Initial Petition filed in Case No. 23-00045-ELG, Docket No. 1 at 21.

12. The Initial Debtors' cases are jointly administered pursuant to the Court's Order Directing Joint Administration. *See* Case No. 23-00045-ELG Docket No. 39.

13. On March 3, 2023, representatives of the Debtors met with representatives of EC by video conference to discuss the status of the bankruptcy cases and the solar project for EC. *See* Englander Declaration, ¶ 6.

14. On May 15, 2023, the Initial Debtors filed their *Debtors' Motion For (A) Approval Of The Sale Of Substantially All Of Debtors' Property Free And Clear Of Liens, Claims, Interests And Encumbrances; (B) Approval Of Sales Contract; (C) Approval Of Bid Procedures, Including A Break-Up Fee And Expense Reimbursement; (D) Scheduling Bid Deadline, Auction And Sale Hearing; (E) Approval Of Interim And Final Debtor-In-Possession Financing; (F) Approval Of Form And Manner Of Notice; (G) Setting A Bar Date For Filing Cure Claims With Respect To Executory Contracts And Unexpired Leases;(H) Waiver Of Stays Under Bankruptcy Rules 6004 And 6006; And (I) Granting Of Related Relief* [clerk's docket no. 115] (the "**Bid Procedures Motion**"), along with the Notice of Opportunity to Object and Notice of Hearing Thereon (the "**Bid Procedures Notice**"). The Bid Procedures Notice was served on all parties appearing in the creditors matrix, including EC. *See* Case No. 23-00045-ELG, Docket No. 126.

4

15. On May 25, 2023, the Court entered its *Order (A) Approving Bid Procedures, including a Break-Up Fee and Expense Reimbursements; (B) Scheduling Bid Deadline, Auction, and Sale Hearing; (C) Approving DIP Financing on an Interim Basis Pursuant to Bankruptcy Rule 4001(c)(2); (D) Approving the Form and Manner of Notice; (E) Setting a Bar Date for Filing of Cure Claims with respect to Executory Contracts and Unexpired Leases; (F) Waiving Stays Under Bankruptcy Rules 6004 and 6006; (G) Continuing Hearing on Motion to Sell; (H) Setting Final Hearing on DIP Financing; and (I) Granting Related Relief* (Case No. 23-00045-ELG, Docket No. 139) (the "**Bid Procedures Order**"), whereby the Court approved, among other items, procedures for the sale of substantially all of the Debtors' assets, including the Lease.[2]

16. On May 30, 2023, Meyers sent a letter dated May 26, 2023 (the "**Termination Letter**") to the Plaintiffs declaring SaveSolar's bankruptcy filing to be a default under the Lease and notifying the Plaintiffs that EC was terminating the Lease effective as of May 30, 2023. A genuine copy of the Termination Letter is attached hereto as **Exhibit C**.

17. The Defendants have not declared any other default under the Lease.

18. On May 31, 2023 (the "**Project Subsidiary Petition Date**" and together with the Initial Petition Date, the "**Petition Dates**"), the Project Subsidiary and nine affiliate debtors each filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Court. The Affiliate Debtors' cases are jointly administered with the Initial Debtors' cases pursuant to the Court's Order Directing Joint Administration. *See* Case No. 23-00045-ELG, Docket No. 157.

19. On June 2, 2023, pursuant to the Bid Procedures Order, the Plaintiffs served on the Defendants a copy of their *Notice of Sale, Bid Procedures, Potential Auction, and Sale*

---

[2] By Order dated June 22, 2023, the Court extended the relief granted in the Bid Procedures Order to the Affiliate Debtors. *See* Case No. 23-00045-ELG, Docket No. 175.

5

*Hearing* (the "**Sale Notice**").  *See* Case No. 23-00045-ELG, Docket No. 179.  The Sale Notice, among other things, clearly stated that the Debtors had entered into a contract for the sale of the assets of the Project Subsidiary and were continuing to market such assets for further bidding at auction.

20.  On June 6, 2023, counsel to the Plaintiffs sent a letter to Meyers and EC advising the Defendants that any action to terminate the Lease without the approval of the Court would violate the automatic stay.  A genuine copy of counsel's June 6, 2023, letter is attached hereto as **Exhibit D**.

21.  On June 8, 2023, the Plaintiffs served a *Notice of Deadline to Submit Cure Claims* (the "**Cure Notice**") on the Defendants by first-class mail to EC and ECA and by email to Meyers.  A genuine copy of the Cure Notice is attached hereto as **Exhibit E**.

22.  Among other things, the Cure Notice stated that all claims for payment of any cure amount under the Lease had to be filed and served on the Debtors no later than June 28, 2023 (the "**Cure Deadline**").

23.  The Defendants did not file a proof of claim by the Cure Deadline.

24.  Between June 23, 2023, the Project Subsidiary paid more than $87,000 to PEPCO Holdings LLC ("**Pepco**") for interconnection fees associated with the development of the Solar Facility at EC.

25.  On June 29, 2023, Meyers sent an e-mail (the "**First E-Mail**") to counsel for the Plaintiffs "providing final notice of lease termination" and stating that the Lease "is in no further force or effect."  A genuine copy of the First E-Mail is attached hereto as **Exhibit F**.

26.  Also on June 29, 2023, Meyers sent a second e-mail (the "**Second E-Mail**" and together with the First E-Mail, the "**Termination E-Mails**") to counsel for the Plaintiffs stating

6

that the "Elesavetgrad Cemetary lease with SaveSolar is terminated as of June 29th 2023." A genuine copy of the Second E-Mail is attached hereto as **Exhibit G**.

27. Pursuant to the Bid Procedures Order, the bid deadline for the sale of substantially all of the Plaintiffs' assets, including the Lease, is scheduled for July 13, 2023. The auction, if necessary, is scheduled to occur on July 18, 2023. A final hearing on the proposed sale is scheduled to occur on July 26, 2023.

## COUNT I
### Violation of the Automatic Stay Against All Defendants

28. The Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

29. Section 362(a)(3) of the Bankruptcy Code prohibits "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The Defendants' actions constitute willful attempts to exercise control over property of the Plaintiffs' bankruptcy estates in violation of the automatic stay of § 362 of the Bankruptcy Code.

30. The Lease is property of the bankruptcy estate. The Lease is a valuable asset of the Project Subsidiary and is an integral part of the sale of substantially all of the Debtors' assets.

31. The Defendants interfered with the Lease by attempting to terminate the Lease after the Petition Dates. By the Termination Letter, the Defendants gave notice of their intent to terminate the Lease based on the purported default created by SaveSolar's bankruptcy filing. Despite warnings by Plaintiff's counsel, on June 29, 2023, by the Termination E-Mails, the Defendants again interfered with estate property by purporting to terminate the Lease after the Petition Dates.

32. The Defendants had knowledge of the Plaintiffs' bankruptcy cases at the time they wrongfully terminated the Lease. The Defendants received notice of SaveSolar's

7

bankruptcy filing, which they acknowledged in their Termination Letter. Additionally, the Defendants were served with the Sale Notice and Cure Notice, which advised them of the Project Subsidiary's bankruptcy case and the ongoing process to sell all of the Debtors' assets, including the Project Subsidiary's interest in the Lease. The Defendants did not move for relief from stay prior to sending their notices purporting to terminate the Lease. Instead, despite knowledge of the bankruptcies, the Defendants willfully interfered with estate property by attempting to terminate the Lease post-petition.

33. The Plaintiffs have suffered damages as a result of the Defendants' stay violation. Specifically, the Defendants' actions have interfered with the ongoing sale process involving substantially all of the Debtors' assets. As an asset of the Project Subsidiary, the Lease is a valuable and integral part of the going concern value of the Debtors' property. By attempting to terminate the Lease post-petition, the Defendants have increased the burden and expense of the sale process to the estates and have potentially jeopardized the going-concern value of the Debtors' assets. The Debtors have expended considerable amounts of money to maintain the value of these assets, including the Lease, for sale. For instance, SaveSolar paid approximately $87,000 to Pepco on account of interconnection fees related to the development of the Solar Facility.

34. In addition to EC and ECA, Meyers is personally liable for the Defendants' violations of the automatic stay because he had knowledge of the bankruptcy cases and took affirmative action in violation of the automatic stay by sending the Termination Letter and the Termination E-Mails in an attempt to wrongfully terminate the Lease.

35. As a result of the Defendants' willful violations of the automatic stay, the Plaintiffs are entitled to damages, including, without limitation, compensatory and punitive damages, costs, attorney's fees, and expenses.

## COUNT II
### Declaratory Relief Against Defendants EC and ECA

36. The Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

37. The Lease states that the filing of a voluntary petition by Tenant (*i.e.*, the Project Subsidiary) is a default under the Lease. The Lease does not provide that the filing of a bankruptcy petition by an affiliate of Tenant is a default. On May 30, 2023, the time of the initial purported notice of termination sent by Defendants, Tenant was not in bankruptcy. The Defendants did not then, and still have not, asserted the existence of any default by the Project Subsidiary under the Lease.

38. The Termination E-Mails that Meyers sent on June 29, 2023 were sent at a time when the Tenant/Project Subsidiary was a debtor in bankruptcy and entitled to the protections of the automatic stay. By virtue of the automatic stay, the E-Mails were null, void and of no legal force or effect.

39. The Termination E-Mails were not sent in accordance with the notice requirements under the Lease.

40. Plaintiffs are entitled to a declaratory judgment that the Lease remains in full force and effect, and has not been terminated.

## COUNT III
### Breach of the Covenant of Quiet Enjoyment Against EC and ECA

41. The Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

42. Paragraph 16(d) of the Lease provides, in pertinent part, "Landlord covenants that Tenant shall peaceably and quietly have, hold and enjoy the Premises during the Term, and Landlord shall protect and defend the right, title and interest of Tenant hereunder from any other rights, interests, titles and claims arising through Landlord or any other third person or entity."

43. EC and ECA's conduct created an actual disturbance in the Project Subsidiary's possession of the leased premises by hindering the Plaintiffs' ability to market, sell, and assign the Project Subsidiary's interest in the Lease. EC and ECA have made no effort to exercise their lawful remedies under the Lease, the Bankruptcy Code, or other applicable law and have instead interfered with the Project Subsidiary's possession of the leased premises in violation of paragraph 16(d) of the Lease.

44. Pursuant to the terms of the Lease, the Project Subsidiary is entitled to damages, including reimbursement of all attorneys' fees and other expenses incurred in defending its rights under the covenant of quiet enjoyment.

## COUNT IV
### Injunctive Relief Against All Defendants

45. The Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46. The Defendants sent their notices of termination at a critical juncture in the sale process. The Debtors are marketing their assets for sale. The bid deadline is July 13, 2023, just two (2) weeks following the date of the June 29 notices. Although the notices of termination are

null, void and of no further force or effect, the notices cloud title and create uncertainties for potential purchasers.

47. Defendants knew at the time they sent the notices of the potential impact of their actions on the sale process. Defendants received the Sale Notice, the Bid Procedures Order, and the Cure Notice. They also received counsel's June 6, 2023 letter informing them of the circumstances and requesting that they confirm that the Lease remained in effect. Instead of accepting the opportunity to cure their stay violations and breach of the Lease, the Defendants compounded their violations by sending two additional notices on June 29, 2023.

48. The Defendants have ignored the procedures and deadlines imposed by the Court and available to them under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Instead, they purport to advance their agenda through "self-help" practices that violate the Bankruptcy Code and the Lease.

49. The actions of the Defendants threaten to jeopardize the marketing and sale of the Debtors' assets.

50. The Defendants lack any colorable good faith basis for their actions.

51. The actions of Defendants threaten to irreparably injure Plaintiffs and their bankruptcy estates.

52. The Plaintiffs are entitled to preliminary and permanent injunctive relief barring Defendants from exercising control over property of the estates, interfering with the sale and assignment of the Lease, and purporting to terminate the Lease.

WHEREFORE, in consideration of the foregoing, Plaintiffs, SaveSolar Corporation, Inc. and 3233 Fifteenth DC, LLC, respectfully request that this Court enter judgment: (1) against Defendants, Elesavetgrad Cemetery, Elesavetgrad Cemetery Association, and Charles G.

Meyers, jointly and severally, awarding Plaintiffs judgment for actual and punitive damages resulting from the Defendants' willful violation of the automatic stay, plus expenses, attorneys' fees, and costs; (2) against Defendants, Elesavetgrad Cemetery, Elesavetgrad Cemetery Association declaring that the Lease has not been terminated and remains in full force and effect; (3) against Defendants, Elesavetgrad Cemetery and Elesavetgrad Cemetery Association awarding damages, including attorneys' fees and expenses, for their breach of the covenant of quiet enjoyment under the Lease; (4) against all Defendants preliminarily and permanently enjoining them from exercising control over property of the estates, interfering with the sale and assignment of the Lease, and purporting to terminate the Lease; and (5) granting such other and further relief as this Court deems just and proper.

Dated: June 30, 2023               WHITEFORD, TAYLOR & PRESTON L.L.P.

*/s/ Bradford F. Englander*
Bradford F. Englander (Bar No. 428617)
Alexandra G. DeSimone (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON L.L.P.**
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone:    (703) 280-9081
E-Mail:        benglander@whitefordlaw.com
              adesimone@whitefordlaw.com

*Counsel to Plaintiffs SaveSolar Corporation, Inc. and 3233 Fifteenth DC, LLC*